# EXHIBIT "B"

# Complaint To Trans Union, LLC

STATE OF MICHIGAN
IN THE 12th DISTRICT COURT

BRADNEY NAPIER,
     Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a foreign limited liability company,
TRANS UNION, LLC,
a foreign limited liability company, and
FRANKLIN COLLECTION SERVICE, INC.,
a foreign profit corporation,
     Defendants.

_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, BRADNEY NAPIER, THROUGH COUNSEL,

CREDIT REPAIR LAWYERS OF AMERICA, who, for his Complaint against the

Defendants, plead as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in the city of

Jackson, Jackson County, Michigan.

1


RECEIVED
OCT 27 2017

2. Venue is proper in 12th District Court in Jackson County, Michigan as the actions and occurrences recited herein occurred in Jackson, in Jackson County, Michigan.

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. Plaintiff is a natural person residing in Jackson, Jackson County, Michigan.

5. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") which is a foreign limited liability company that maintains a registered agent in Ingham County, Michigan;

    b. Trans Union, LLC ("Trans Union") which is a foreign limited liability company that maintains a registered agent in Ingham County, Michigan; and

    c. Franklin Collection Service, Inc. ("Franklin") which is a foreign profit corporation that maintains a registered agent in Wayne County, Michigan.

## GENERAL ALLEGATIONS

6. Franklin is incorrectly reporting its trade line with account number REDA ("Errant Trade Line") on Mr. Napier's Equifax and Trans Union credit reports with disputed language. Mr. Napier does not dispute the Errant Trade Line.

7. On May 24, 2017, Mr. Napier obtained his Equifax credit file and noticed Franklin reporting the Errant Trade Line with disputed language.

8. On or about June 8, 2017, Mr. Napier submitted a letter to Equifax and Trans Union requesting that the disputed language be removed from the Errant Trade Line.

9.  Upon information and belief, Equifax and Trans Union forwarded Mr. Napier's consumer
    dispute to Franklin.

10. Mr. Napier didn't receive Equifax's investigation results so on October 18, 2017, he
    obtained his Equifax credit report which showed that Franklin continued to report the
    Errant Trade Line with disputed language.

11. Mr. Napier didn't receive Trans Union's investigation results so on October 18, 2017, he
    obtained his Equifax credit report which showed that Franklin continued to report the
    Errant Trade Line with disputed language.

12. As a direct and proximate cause of the Defendants' negligent and/or willful failure to
    comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has
    suffered credit and emotional damages. Due to the Defendants' failure to correct the
    errors in his credit file, Plaintiff has been forced to refrain from applying for new credit
    or more favorable terms on existing credit lines. Plaintiff has also experienced undue
    stress and anxiety due to Defendants' failure to correct the errors in his credit file or
    improve his financial situation by obtaining new or more favorable credit terms as a
    result of the Defendants' violations of the FCRA.

### COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY FRANKLIN

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. After being informed by Equifax and Trans Union of Mr. Napier's consumer dispute to
    the Errant Trade Line, Franklin negligently failed to conduct a proper investigation of

3

Mr. Napier's dispute as required by 15 USC 1681s-2(b), and negligently failed to direct

Equifax and Trans Union to remove the disputed language from Mr. Napier's credit file.

15. Franklin negligently failed to review all relevant information available to it and provided

by Equifax and Experian in conducting its reinvestigation as required by 15 USC 1681s-

2(b).

16. The Errant Trade Line is inaccurate and creates a misleading impression on Mr. Napier's

consumer credit file with Equifax and Trans Union to which it is reporting such trade

line.

17. As a direct and proximate cause of Franklin's negligent failure to perform its duties under

the FCRA, Mr. Napier has suffered damages, mental anguish, suffering, humiliation and

embarrassment.

18. Franklin is liable to Mr. Napier by reason of its violations of the FCRA in an amount to

be determined by the trier fact together with reasonable attorneys' fees pursuant to 15

USC 1681o.

19. Mr. Napier has a private right of action to assert claims against Franklin arising under 15

USC 1681s-2(b).


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the

Defendant Franklin for damages, costs, interest and attorneys' fees in the amount of less than

twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

4

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY FRANKLIN

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax and Trans Union that Mr. Napier disputed the accuracy of the information it was providing, Franklin willfully failed to conduct a proper reinvestigation of Mr. Napier's dispute, and willfully failed to direct Equifax and Trans Union to remove the disputed language from Mr. Napier's credit file.

22. Franklin willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of Franklin's willful failure to perform its respective duties under the FCRA, Mr. Napier has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. Franklin is liable to Mr. Napier for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Franklin for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

5

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Napier as that term is defined in 15 USC 1681a.

27. Such reports contained information about Mr. Napier that was false, misleading and inaccurate.

28. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Napier, in violation of 15 USC 1681e(b).

29. After receiving Mr. Napier's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

30. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Napier has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

31. Equifax is liable to Mr. Napier by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

6

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Napier as that term is defined in 15 USC 1681a.

34. Such reports contained information about Mr. Napier that was false, misleading and inaccurate.

35. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Napier, in violation of 15 USC 1681e(b).

36. After receiving Mr. Napier's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Napier has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

7

38. Equifax is liable to Mr. Napier by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Napier as that term is defined in 15 USC 1681a.

41. Such reports contained information about Mr. Napier that was false, misleading and inaccurate.

42. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Napier, in violation of 15 USC 1681e(b).

43. After receiving Mr. Napier's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

8

44. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Napier has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

45. Trans Union is liable to Mr. Napier by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.


## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Napier as that term is defined in 15 USC 1681a.

48. Such reports contained information about Mr. Napier that was false, misleading and inaccurate.

49. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Napier, in violation of 15 USC 1681e(b).

9

50.  After receiving Mr. Napier's consumer dispute to the Errant Trade Line, Trans Union

willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51.  As a direct and proximate cause of Trans Union's willful failure to perform its duties

under the FCRA, Mr. Napier has suffered actual damages, mental anguish and suffering,

humiliation and embarrassment.

52.  Trans Union is liable to Mr. Napier by reason of its violations of the FCRA in an amount

to be determined by the trier of fact together with his reasonable attorneys' fees pursuant

to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against

Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages

along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five

thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.


**JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

October 24, 2017

*Gary D. Nitzkin w/ permission*

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com

11